IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHNNIE FLORES,                          :
                                         :
                 Petitioner,             :
                                         :
        v.                               :     Civil Action No. 11-1095-RGA
                                         :
KEITH ROY, Holder of the Key,            :
                                         :
                 Respondent.             :

### MEMORANDUM

Petitioner Johnnie Flores ("Flores") has filed a document titled "Petition for Emergency Writ of Habeas Corpus" ("petition"). (D.I. 1)  Flores is a federal prisoner at the Three Rivers Federal Prison Camp in Texas, and he alleges that respondent "is a corporation for profit"[1] which has unlawfully detained him since October 2007 because "no criminal action in the State of Texas or in the United States of America has been commenced against [him] by the filing of an affidavit/complaint, or by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." *Id.* at 1-2. Flores asserts that this court can review the instant proceeding because it has "original administrative jurisdiction and authority" over Delaware corporations operating in the State of Texas, and respondent is a corporation linked directly to corporations "incorporated either directly or indirectly in the State of Delaware." *Id.* at 2-3. Flores seeks his immediate release. *Id.* at 4.

---

[1] "Keith Roy" sounds like the name of an individual, and there is an individual with that name who has recently been a warden in at least one federal prison in Texas.

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2255.

Summary dismissal is appropriate in this case. A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Wherever Flores may have been prosecuted, it was not in the District of Delaware. Therefore, to the extent Flores is seeking relief under 28 U.S.C. § 2255, this court does not have jurisdiction.

Alternatively, a federal prisoner challenging his physical custody and the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *see United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985). Three Rivers FCI is in the Southern District of Texas. Consequently, to the extent Flores is challenging his physical custody pursuant to 28 U.S.C. § 2241, this court does not have jurisdiction over the proceeding.

For the reasons set forth above, this court does not have jurisdicition, and therefore will summarily dismiss Flores' petition for emergency writ of habeas corpus, and will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United*

*States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).  A separate

order follows.


December 5, 2011
_____
DATE

_____
UNITED STATES DISTRICT JUDGE